1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| E.M.C. International, Inc., | No. CV-08-1861-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| 25th Street Industrial, L.L.C., | |
| Defendant. | |

Currently pending before the Court is Defendant 25th Street International's ("25th Street") motion to dismiss. (Dkt.#13.) After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

**I.   BACKGROUND**

This lawsuit arises out of a forcible detainer action in Maricopa County Superior Court for the State of Arizona  In this previous matter, the state court determined that Plaintiff E.M.C. International ("EMC")  had defaulted on obligations under a lease it had entered into with Defendant 25th Street. The state court ruled that EMC was required to surrender the premises and that 25th Street was entitled to damages in the form of unpaid rent, alterations to the property, and incidental loss. The state court also ruled that 25th Street would be permitted to "take possession of [EMC's] personal property and shall be permitted

to foreclose its landlord lien against such property and shall account [to EMC] . . . in a manner compliant with A.R.S. § 33-1023."

Sometime thereafter, 25th Street sold the personal property that formerly belonged to EMC and applied the proceeds of the sale towards EMC's allegedly outstanding balance. EMC disputes the manner in which this sale was conducted and the accounting methods used by 25th Street. EMC filed the instant lawsuit in order to recoup the monies that it believes have been wrongly appropriated by 25th Street in the court ordered sale. Federal jurisdiction in the instant lawsuit is predicated upon a diversity of citizenship under 28 U.S.C. § 1332. It should also be noted that EMC has filed a motion in state court under Rule 60(c) of the Arizona Rules of Civil Procedure to re-open the original judgment in the forcible detainer action. This motion is apparently still pending in state court.

## II.     ANALYSIS

Defendant 25th Street has made a number of legal arguments in its motion to dismiss. For purposes of efficiency, the Court will only focus on Defendant's contention that any dispute under the original lease is controlled by a forum selection clause.

"[T]he effect of enforcing a forum selection clause is similar to that of granting a Fed. R. Civ. P. 12(b)(1)" for lack of subject-matter jurisdiction. See Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133 , 1139 (9th Cir. 2003). When a motion to dismiss is based on a lack of subject matter jurisdiction, the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts . . .." Sizova v. National Inst. Of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002). As such, the Court may properly consider the lease agreement that has been submitted as an attachment to Defendant's motion to dismiss.

In Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), the Supreme Court held that selection clauses are presumptively valid. See Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 868 (9th Cir. 1991). Furthermore, "[a]bsent some compelling and countervailing reason,"a forum selection clauses should be routinely enforced by the district court. See Bremen, 407 U.S. at 12. The party challenging the clause bears a "heavy burden of proof"

and must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." Id. at 15.

In the instant case, Defendant 25th Street points to paragraph 29 of the underlying lease between the Parties, which reads, "[a]ny litigation between the Parties hereto concerning this lease shall be initiated in the county in which the premises is located." Because the property is located in Maricopa County, Arizona, Defendant argues that the only reasonable interpretation of this clause is that all litigation under the lease must be brought in Maricopa County Superior Court. Plaintiff EMC has responded to this argument by claiming that the lease does not contain a forum selection clause, and in any event, even if it does, this Court sits within Maricopa County.

The Court must first note that Plaintiff's contention that the lease does not contain a forum selection clause is not well taken. Apparently, because Defendant did not include a pinpoint citation to the portion of the 12-page lease containing the forum selection clause, Plaintiff suggests that the forum selection clause cannot be reasonably located within the document or that it otherwise does not exist. The Court notes that while it is always best practice for the Parties to include pinpoint citations to the record, the Court was able to easily identify the forum selection clause by carefully reading through the lease. Second, Plaintiff's argument that the forum selection clause permits litigation in federal court is somewhat illogical. The clause explicitly states that any litigation must be filed in the "county" in which the property is located. Federal courts do not reside within counties. Federal courts are located within districts, and those districts are located within circuits. For instance, this court sits in the District of Arizona, which is part of the Ninth Circuit. This Court does not sit within Maricopa County, even if the physical located of the courthouse is Maricopa County. As Defendant proposes, the most logical interpretation of the forum selection clause is that the Party initiating litigation is required to file suit in Maricopa County Superior Court, which is the appropriate state court within the county in which the property is located. Plaintiff has not cited to any case law that would support a different reading. This case must therefore be dismissed without prejudice as the Court lacks jurisdiction.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendant's Motion to Dismiss without prejudice. (Dkt.#13.)

**IT IS FURTHER ORDERED** directing the clerk to enter judgment accordingly.

DATED this 28th day of September, 2009.

_____
Mary H. Murguia
United States District Judge